UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HOWARD D. MARSH, and ) <br> SARAH MARSH, ) <br>            ) <br>     Plaintiffs, ) <br>            ) <br> v.         ) <br>            ) <br> THE CINCINNATI INSURANCE ) <br> COMPANY; MARY LEE WATKINS ) <br> and WENDY KAY WATKINS, ) <br>            ) <br>     Defendants. ) <br> _____) | Civil Action No.: 4:08-cv-2441-RBH <br><br><br><br><br> **ORDER** |

Pending before the court are: 1) Defendant The Cincinnati Insurance Company's ("CIC") [Docket Entry #6] motion to realign the parties; and 2) the Watkins Defendants' [Docket Entry #18] motion to remand, in which Plaintiffs join. For the reasons stated below, the court grants CIC's motion to realign the parties and denies the Watkins Defendants' motion to remand.[1]

## **Background**

This is a declaratory judgment action initiated by Plaintiffs Howard D. Marsh and Sarah Marsh in which they seek a declaration of rights under a Personal Umbrella Liability Policy, Policy Number HR 887 23 27, issued by Defendant The Cincinnati Insurance Company ("CIC").

Sarah Marsh, along with a number of siblings and family members, inherited a house located at 1204 N. Ocean Boulevard, North Myrtle Beach, South Carolina. [Complaint, at ¶ 6,

---

[1]     Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing. The court believes that the issues are thoroughly briefed and adequately presented in the materials before the court.

Docket Entry 1-2]. The Ocean Blvd. house was utilized as vacation rental property. *Id*.

On July 24, 2004, Defendants Mary Lee Watkins and Wendy Kay Watkins were guests at the Ocean Blvd. house and were allegedly injured when a set of wooden stairs leading to the beach collapsed. *Id*. at ¶ 7. As a result of the stair collapse, the Watkins Defendants filed suit against a number of parties, including Sarah Marsh and the other owners of the Ocean Blvd. house. *Id*.

The Ocean Blvd. house was covered by a Premises Personal Liability Policy issued by Underwriters at Lloyds, London; however, the Watkins Defendants allege that their injuries and damages will exceed the $300,000 in coverage afforded by the Lloyds policy. *Id*. at ¶¶ 8-9. Accordingly, Plaintiffs Sarah Marsh and Howard Marsh filed a claim with their CIC Personal Umbrella Liability Policy for the July 24, 2004 occurrence, which provided additional coverage of $1,000,000 per occurrence. *Id*. at ¶ 12.

In a letter dated December 20, 2007, CIC denied Plaintiffs' claim under the Personal Umbrella Liability Policy. *Id*. In their denial letter, CIC stated "[s]ince the property where the loss occurred was not covered by the underlying homeowner's policy, and since it is a 'business property,' the claim falls within the exclusionary language of the Personal Umbrella Policy and there is no coverage for your business use of the beach house." *Id*. at ¶ 14.

On May 28, 2008, Plaintiffs filed this lawsuit in the Court of Common Pleas for the Fifteenth Judicial Circuit in Horry County, South Carolina. Defendant CIC removed the case to this court on July 3, 2008. On July 16, 2008, CIC filed a motion to realign the parties arguing that the Watkins Defendants should be realigned with Plaintiffs. The Watkins Defendants then filed a motion to remand the case to state court, which Plaintiffs joined.

**Discussion**

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). The court must look beyond the pleadings and arrange the parties according to their sides in the dispute. *Indianapolis*, 314 U.S. at 63. Whether the necessary collision of interest exists must be ascertained from the principle purpose of the suit and the primary and controlling matter in dispute. *Id*.

In *United States Fidelity & Guaranty Co. v. A & S Manufacturing Co., Inc.*, 48 F.3d 131, 133 (4th Cir. 1995), the Fourth Circuit adopted the principal purpose test for determining whether realignment is appropriate. Under the principal purpose test, the court must first determine the primary issue in the controversy. *U.S. Fid. & Guar. Co.*, 48 F.3d at 133. Next, the court should align the parties according to their positions with respect to the primary issue. *Id*.

In this declaratory judgment action, the primary issue is whether insurance coverage exists under the Plaintiffs' CIC Personal Umbrella Liability Policy, policy number HR 887 23 27, for the July 24, 2004 occurrence that allegedly injured the Watkins Defendants.

As to the parties positions with respect to the coverage issue, it is clear that CIC seeks a finding of no coverage under the CIC Umbrella Policy. Plaintiffs and the Watkins Defendants, on the other hand, advocate a finding of coverage. Notably, in state court before this case was removed, the Watkins Defendants filed a cross-claim asking the court to find coverage pursuant to the terms of the CIC Umbrella Policy. *See* [Docket Entry #24-2].

Plaintiffs claim that their interests are not sufficiently aligned with the Watkins

3

Defendants and argue that this court should not ignore the "very real and continuing adversarial dispute between the Watkins Defendants" and the Plaintiffs, which arises from the underlying personal injury lawsuit still pending in state court. The principal purpose test, however, does not require the court to delve into the relationships of the parties and determine whether adversarial elements exist between parties. The relevant inquiry is to determine the parties' positions with respect to the primary issue *in this case*, not whether the parties are adversaries in another matter pending before another court. *See U.S. Fid. & Guar. Co.*, 48 F.3d at 133.

Accordingly, this court finds that the Watkins Defendants should be realigned as plaintiffs in this action because their position regarding the primary issue in this case - that the court should find coverage under the CIC Umbrella Policy - is the same as the Marsh Plaintiffs. Accordingly, CIC's motion to realign the parties is granted.

Because the parties have been realigned, diversity jurisdiction now exists in this case. *See* 28 U.S.C. § 1332. All plaintiffs are citizens of North Carolina, while CIC is an Ohio Corporation. Thus, complete diversity of citizenship exists. Further, the amount in controversy appears to be well above the minimum jurisdictional amount of $75,000. Therefore, the motion to remand is denied.

## Conclusion

For the reasons stated above, Defendant CIC's [Docket Entry #6] motion to realign the parties is **GRANTED**; and the Watkins Defendants' [Docket Entry #18] motion to remand is **DENIED**.

*(Signature page to follow)*

**IT IS SO ORDERED**.

Florence, SC                                                              s/ R. Bryan Harwell
October 15, 2008                                                     R. Bryan Harwell
                                                                                  United States District Judge